FILED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY MICHAEL PATTERSON, )
430 Peppertree Loop )     Case: 1:13-cv-00085
Anchorage, AK 99504, )     Assigned To : Huvelle, Ellen S
 )     Assign. Date : 1/22/2013
      PLAINTIFF )     Description: Pro Se Gen. Civil
vs. )
 )
UNITED STATES OF AMERICA, )     **JURY TRIAL DEMANDED**
 )
OFFICER JENNIFER L. LEMKE (#398), )
*in her individual capacity*, )
United States Park Police )
1901 Anacostia Dr., SE )
Washington, DC 20019, )
 )
OFFICER MATTHEW COONEY (#058), )
*in his individual capacity*, )
United States Park Police )
1901 Anacostia Dr., SE )
Washington, DC 20019, )
 )
and )
 )
SERGEANT TODD C. REID, )
*in his individual capacity*, )
United States Park Police )
1901 Anacostia Dr., SE )
Washington, DC 20019 )
 )
      DEFENDANTS )

## COMPLAINT

### THE PARTIES

1.    Plaintiff Anthony Michael Patterson is a citizen of Alaska residing at 430 Peppertree Loop.

1

2. Defendant Officer Jennifer L. Lemke is and was, at all times relevant to this Complaint, employed by the United States Park Police, a subagency within the United States Department of the Interior. At all times relevant to this Complaint, Officer Lemke was acting under color of federal law within the scope of her employment at the United States Park Police. Officer Lemke is sued in her individual capacity.

3. Defendant Officer Matthew Cooney is and was, at all times relevant to this Complaint, employed by the United States Park Police, a subagency within the United States Department of the Interior. At all times relevant to this Complaint, Officer Cooney was acting under color of federal law within the scope of his employment at the United States Park Police. Officer Cooney is sued in his individual capacity.

4. Defendant Sergeant Todd C. Reid is and was, at all times relevant to this Complaint, employed by the United States Park Police, a subagency within the United States Department of the Interior. At all times relevant to this Complaint, Sgt. Reid was acting under color of federal law within the scope of his employment at the United States Park Police. Sgt. Reid is sued in his individual capacity.

### JURISDICTION AND VENUE

5. This action arises under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) and the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*

6. This Court has jurisdiction over the parties and subject matter pursuant to 28 USC §§ 1331 and 1346(b).

7. Venue is proper in this district pursuant to 28 USC §§ 1391(b)(2) and 1402(b) because the events or omissions giving rise to this action occurred in the District of Columbia.

## STATEMENT OF FACTS

8. On January 8, 2012, Mr. Patterson, who was participating in the Occupy DC protest at McPherson Square, was waiting for his ride to go to yoga, when he spotted a group of three teenage males walking through the park with signs supportive of the Tea Party movement. Also present in McPherson Square were two other Occupy protesters and eight police officers. Other than Mr. Patterson, two other Occupiers, three Tea Party supporters, and eight police officers, McPherson Square was relatively empty of people.

9. Upon seeing the group of Tea Party supporters, Mr. Patterson looked up towards the sky and said, "Ah, this fucking bullshit." Mr. Patterson's profanity was not directed at anyone in particular and was said in a tone of voice that any observer would have understood merely indicated annoyance. Mr. Patterson's posture and tone of voice were not aggressive, he did not threaten anyone, and he spoke in a normal conversational volume. The three Tea Party supporters were approximately seven feet away from Mr. Patterson and they did not appear to even acknowledge that they had heard what Mr. Patterson was saying.

10. Within a few seconds of Mr. Patterson making his remark, several United States Park Police officers approached him. Sgt. Reid said to Mr. Patterson, "Don't use profanity." At this point, the three Tea Party supporters first appeared to notice Mr. Patterson's presence.

11. Mr. Patterson, who was facing Sgt. Reid, responded to him, "I can't say fuck?"

12. Sgt. Reid then said to Mr. Patterson, "That's your second warning."

13. Mr. Patterson responded to Sgt. Reid, "That's fucking bullshit."

14. Sgt. Reid ordered Officers Lemke and Cooney to arrest Mr. Patterson.

15. Officers Lemke and Cooney arrested Mr. Patterson.

16. Mr. Patterson was transported to U.S. Park Police District One, where he was processed and released with a court date of February 2, 2012.

17. As Mr. Patterson was leaving District One, Sgt. Reid approached him and said, "Mr. Patterson, you are right. Profanity is protected under freedom of speech. But when you use profanity it causes a hostile environment for the police."

18. Mr. Patterson's comments did not cause or tend to cause a crowd to gather, nor did Mr. Patterson's comments cause or threaten to cause a breach of the peace. Mr. Patterson's comments did not cause and were not likely to cause violence on the part of others.

19. On January 10, 2012, Officer Lemke appeared before an Assistant Attorney General for the District of Columbia and, under penalty of making a false statement, signed a *Gerstein* affidavit. The *Gerstein* affidavit signed by Officer Lemke contained statements that Officer Lemke knew to be false, including that Mr. Patterson yelled, "Fuck white people." At no point did Mr. Patterson yell or otherwise say, "Fuck white people" or words to that effect.

20. When Mr. Patterson appeared for his court date on February 2, 2012, a prosecutor for the District of Columbia Office of the Attorney General announced that the charges against Mr. Patterson were being "no papered."

COUNT I:
FIRST AMENDMENT (*BIVENS*)
(DEFENDANTS REID, LEMKE, AND COONEY)

21. This Count realleges and incorporates by reference paragraphs 8-20.

4

22.     Sgt. Reid violated Mr. Patterson's First Amendment rights by ordering Officers Lemke and Cooney to arrest him solely on account of the content of his speech. Mr. Patterson's speech, while coarse, was protected conduct. Sgt. Reid did not have probable cause to order the arrest. Sgt. Reid would not have arrested Mr. Patterson but for Mr. Patterson's engaging in protected conduct.

23.     Officers Lemke and Cooney violated Mr. Patterson's First Amendment rights by arresting him solely on account of the content of his speech. Mr. Patterson's speech, while coarse, was protected conduct. Officers Lemke and Cooney did not have probable cause to arrest Mr. Patterson. Officers Lemke and Cooney would not have arrested Mr. Patterson but for Mr. Patterson's engaging in protected conduct.

## COUNT II:
## FOURTH AMENDMENT (*BIVENS*)
## (DEFENDANTS REID, LEMKE, AND COONEY)

24.     This Count realleges and incorporates by reference paragraphs 8-23.

25.     Sgt. Reid violated Mr. Patterson's Fourth Amendment rights by ordering Officers Lemke and Cooney to arrest him without probable cause to believe that Mr. Patterson had committed a crime.

26.     Officers Lemke and Cooney violated Mr. Patterson's Fourth Amendment rights by arresting him without probable cause to believe that Mr. Patterson had committed a crime.

## COUNT III:
## FEDERAL TORT CLAIMS ACT
## (DEFENDANT UNITED STATES OF AMERICA)

27.     This Count realleges and incorporates by reference paragraphs 8-26.

28. Mr. Patterson submitted to the United States Park Police an administrative claim regarding the incident that is the subject of this Complaint, pursuant to the Federal Tort Claims Act. The U.S. Park Police received the claim on March 26, 2012. Over six months have elapsed since the filing of the claim and no response has been received by Mr. Patterson regarding the claim. Mr. Patterson is therefore deemed to have constructively exhausted his administrative remedies.

29. False arrest: Sgt. Reid caused Mr. Patterson to be falsely arrested by ordering Officers Lemke and Cooney to arrest him without probable cause to believe that Mr. Patterson had committed a crime. Officers Lemke and Cooney falsely arrested Mr. Patterson by arresting him without probable cause to believe that Mr. Patterson had committed a crime. The United States of America is liable for the tortious acts and omissions of Sgt. Reid and Officers Lemke and Cooney pursuant to the Federal Tort Claims Act.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues which may be tried by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Declare Defendants' conduct to be unlawful;

(2) Award Plaintiff compensatory and punitive damages in an amount to be determined at trial;

(3) Grant Plaintiff an award of attorney fees and other litigation costs reasonably incurred in this action;

(4) Order the expungement of all records of Plaintiff's illegal arrest;

(5) Grant Plaintiff such other and further relief which the Court deems proper.

Respectfully Submitted,

_____

Jeffrey L. Light
D.C. Bar #485360
1712 Eye St., NW
Suite 915
Washington, DC 20006
(202)277-6213
Jeffrey.Light@yahoo.com

*Counsel for Plaintiff*

7