UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY MICHAEL PATTERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CA No. 1:13-cv-85 (KBJ) |
| | ) |
| UNITED STATES OF AMERICA, *et al.* | ) |
| | ) |
| Defendants. | ) |

## ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW THE DEFENDANT, the United States of America, ("Defendant"), by and through the United States Attorney for the District of Columbia and hereby answers the allegations brought in the Complaint filed by Plaintiff Anthony Michael Patterson (hereafter referred to as "Plaintiff"):

Defendant, by and through undersigned counsel, answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND DEFENSE

No acts or omissions by Defendant were the proximate cause of any injury to Plaintiff.

### THIRD DEFENSE

Plaintiff's constitutional claims are barred by the doctrine of Qualified Immunity.

## FOURTH DEFENSE

Defendant asserts all statutory limitations on the damages sought by Plaintiff.

## FIFTH DEFENSE

Plaintiff has failed to mitigate his damages, if any.

## SIXTH DEFENSE

The United States, through its employees and agents, acted with due care and diligence at all relevant times.

## SEVENTH DEFENSE

Defendant denies each and every allegation of the Complaint not expressly admitted in its Answer.  Defendant respectfully requests and reserves the right to amend, alter and supplement the defenses contained in the Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of the litigation.

Defendant responds to the specifically-numbered paragraphs and prayer for relief set forth in the Complaint as follows:

## THE PARTIES

1. Upon information and belief, Defendant admits allegations of Paragraph 1.
2. Defendant admits that Defendant Officer Jennifer Lemke is employed by the United States Park Police, a component of the U.S. Department of the Interior. Defendant further avers that Officer Lemke was acting in the course and scope of her employment at the time of the incidents alleged in Plaintiff's Complaint.  The remainders of paragraph 2 state conclusions of law to which no response is required.

3. Defendant admits that Defendant Officer Matthew Cooney is employed by the United States Park Police, a component of the U.S. Department of the Interior. Defendant further avers that Officer Cooney was acting in the course and scope of his employment at the time of the incidents alleged in Plaintiff's Complaint. The remainders of paragraph 3 state conclusions of law to which no response is required.

4. Defendant admits that Defendant Officer Todd C. Reid is employed by the United States Park Police, a component of the U.S. Department of the Interior. Defendant further avers that Officer Reid was acting in the course and scope of his employment at the time of the incidents alleged in Plaintiff's Complaint. The remainders of paragraph 4 state conclusions of law to which no response is required.

## JURISDICTION AND VENUE

5. Paragraph 5 states conclusions of law to which no response is required.

6. Paragraph 6 states conclusions of law to which no response is required.

7. Paragraph 7 states conclusions of law to which no response is required.

## STATEMENT OF FACTS

8. Defendant admits that the events that form the basis of this complaint occurred on January 8, 2012 at McPherson Square in the District of Columbia. To the extent that a further response is required, denied.

9. Defendant denies the allegations contained in this paragraph.

10. Defendant admits that USPP Officers warned Plaintiff about his use of language. To the extent that a further response is required, denied.

11. Defendant denies the allegations contained in this paragraph.

12. Defendant admits that USPP Officers warned Plaintiff a second time about his use of language.  To the extent that a further response is required, denied.

13. Defendant admits that Plaintiff responded to the USPP Officer's repeated warning by using profanity.  To the extent that a further response is required, denied.

14. Defendant lacks sufficient knowledge and information to admit or deny the allegations contained in this paragraph at this time and therefore denies them.

15. Defendant lacks sufficient knowledge and information to admit or deny the allegations contained in this paragraph at this time and therefore denies them.

16. Defendant lacks sufficient knowledge and information to admit or deny the allegations contained in this paragraph at this time and therefore denies them.

17. Defendant denies the allegations contained in this paragraph.

18. Defendant denies the allegations contained in this paragraph.

19. Defendant denies the allegations contained in this paragraph.

20. Defendant denies the allegations contained in this paragraph.

## COUNT 1:  FIRST AMENDMENT (*BIVENS*)

21. Defendant incorporates by reference its responses to Paragraphs 8 -20.

22. Defendant denies the allegations contained in this paragraph.

23. Defendant denies the allegations contained in this paragraph.

## COUNT 2:  FOURTH AMENDMENT (*BIVENS*)

24. Defendant incorporates by reference its responses to Paragraphs 8 -23.

25. Defendant denies the allegations contained in this paragraph.

26. Defendant denies the allegations contained in this paragraph.

COUNT 3: FEDERAL TORT CLAIMS ACT

27. Defendant incorporates by reference its responses to Paragraphs 8 -26.

28. Defendant avers that Plaintiff filed an administrative Claim with the National Park Service on March 26, 2012.  The remainders of paragraph 28 state conclusions of law to which no response is required.

29. Defendant denies the allegations contained in this paragraph.  The remainders of paragraph 29 state conclusions of law to which no response is required.

## JURY DEMAND

Defendant United States denies that Plaintiff is entitled to a jury under the Federal Tort Claims Act, and therefor Plaintiff's jury demand must be stricken.  28 U.S.C. §2402.

## PRAYER FOR RELIEF

The allegations contained in the final unnumbered paragraph constitute Plaintiff's prayer for relief, to which no response is necessary.  To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to any relief whatsoever; however, if any damages are recovered, the amount of those damages is subject to all applicable statutory limitations.

**WHEREFORE**, having fully answered, the United States of America asks the Court to:

(A)     Find that Plaintiff is not entitled to a trial by jury under the Federal Tort Claims Act;

(B)     Enter judgment in its favor and against Plaintiff;

(C)     Assess costs against Plaintiff; and

(D) Award the United States of America any and all other relief to which it is entitled.

Dated: June 7, 2013
       Washington, DC

                                     Respectfully Submitted,

RONALD C. MACHEN JR., D.C. BAR#447889
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar #924092
Civil Chief

By: */s/ Carl E. Ross*_____
CARL EZEKIEL ROSS, D.C. Bar #492441
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
Tel:  (202) 305-4851
Fax:  (202) 514-8780

Attorneys for Defendant

Of Counsel:
Josh Hildreth, Esq.
Attorney-Advisor
Office of the Solicitor – Division of General Law
U.S. Department of Interior