UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY MICHAEL PATTERSON,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, *et al.*<br><br>Defendants. | CA No. 1:13-cv-0085(KBJ) |

## STIPULATION OF SETTLEMENT AND DISMISSAL

Plaintiff, Anthony Michael Patterson ("Plaintiff") and Defendant, United States of America ("Defendant") by and through the United States Attorney for the District of Columbia, hereby agree and stipulate that the above-captioned civil action shall be settled and dismissed on the following terms:

1. <u>Settlement Payment</u>. Defendant United States of America shall pay Plaintiff the total sum of $10,000.00, payable to the Law Office of Jeffrey L. Light IOLTA Trust Account. This payment shall be made by an electronic transfer of funds as specified in instructions provided to Defendant's counsel by Plaintiff's counsel in writing. Payment shall be made as promptly as practicable, consistent with the normal processing procedures followed by the Department of Justice and the Department of the Treasury, following the dismissal of the above-captioned civil action pursuant to Paragraph 3 hereof. Plaintiff and Plaintiff's counsel shall co-operate with Defendant to ensure that all documentation required to process this payment is complete and accurate. This payment is inclusive of Plaintiff's attorney's fees, costs, and other

litigation expenses, and Defendant shall have no further liability for those fees, costs, and expenses. Plaintiff and Plaintiff's counsel shall be responsible for the distribution of the payment among themselves.

2.  Acceptance. Plaintiff hereby agrees to accept the sum of $10,000.00 in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the same subject matter that gave rise to the above-captioned lawsuit, which plaintiff now has or may hereafter acquire against the individual Defendants, the United States of America, its agents, servants and employees. Plaintiff further agrees to reimburse, indemnify, and hold harmless the individual Defendants and/or the United States of America, its agents, servants, and employees from any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiff against the United States or the individual Defendants.

3.  Dismissal with Prejudice. Plaintiff agrees to dismiss, with prejudice, the individual actions against Defendants Officer Jennifer L. Lemke, Officer Matthew Cooney, and Officer Todd C. Reid. Furthermore, the filing of this stipulation shall constitute a dismissal of the remaining action against Defendant, United States of America, with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), except that the Court shall retain jurisdiction to enforce the terms of this Stipulation. Counsel for Defendant may file this stipulation after the parties have executed it. This agreement requires dismissal with prejudice of all actions against all

Defendants in accordance with the provisions of this paragraph.

4. <u>No Assignment</u>. Plaintiff represents and warrants that he is the sole lawful owner of all the rights and claims which he has settled and released herein, and that he has not transferred or assigned any of those rights and claims or any interest therein.

5. <u>No Admission of Liability</u>. This Stipulation has been entered into by Plaintiff and Defendant solely for the purposes of compromising disputed claims without protracted legal proceedings and avoiding the expense and risk of such litigation. Therefore, this Stipulation is not intended and shall not be deemed an admission by either party to the agreement or the individual Defendants of the merit or lack of merit of the opposing party's claims and defenses. Without limiting the generality of the foregoing, this Stipulation does not constitute, and shall not be construed as, an admission that the individual Defendants, the United States, or any of the United States' present or former employees or agents violated any of Plaintiff's rights or any laws or regulations, or as an admission of any contested fact alleged by Plaintiff in connection with this case or otherwise. This Stipulation may not be used as evidence or otherwise in any civil or administrative action or proceeding against the individual Defendants, the Department of Interior, or the United States or any of its agencies or officials or present or former employees or agents, either in their official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof.

6. <u>Tax Consequences</u>. Plaintiff acknowledges that he has not relied on any representations by Defendant or Defendant's employees or agents as to the tax consequences of this Stipulation or any payments made by or on behalf of Defendant hereunder. Plaintiff shall be

solely responsible for compliance with all federal, state, and local tax filing requirements and other obligations arising from this Stipulation that are applicable to plaintiff.

7.     Entire Agreement. This Stipulation contains the entire agreement between the parties hereto and supersedes all previous agreements, whether written or oral, between the parties relating to the subject matter hereof. No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise be given any force or effect in connection herewith.

8.     Amendments. The terms of this Stipulation may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by the party to be charged with the modification, amendment, or waiver.

9.     Construction. The parties acknowledge that the preparation of this Stipulation was collaborative in nature, and so agree that any presumption or rule that an agreement is construed against its drafter shall not apply to the interpretation of this Stipulation or any term or provision hereof.

10.     Headings. The paragraph headings in this Stipulation have been inserted for convenience of reference only, and shall not limit the scope or otherwise affect the interpretation of any term or provision hereof.

11.     Severability. The provisions of this Stipulation are severable, and any invalidity or unenforceability of any one or more of its provisions shall not cause the entire agreement to fail or affect the validity or enforceability of the other provisions herein, which shall be enforced without the severed provision(s) in accordance with the remaining provisions of this Stipulation.

12.   **Further Assurances**. Each party agrees to take such actions and to execute such additional documents as may be necessary or appropriate to fully effectuate and implement the terms of this Stipulation.

13.   **Right to Cure**. If either Plaintiff or Defendant at any time believes that the other party is in breach of this Stipulation, that party shall notify the other party of the alleged breach. The other party shall then have thirty (30) days to cure the breach or otherwise respond to the claim. The parties shall make a good faith effort to resolve any dispute arising from or regarding this Stipulation before bringing the dispute to the Court's attention.

14.   **Notices**. Any notice required or permitted to be given pursuant to this Stipulation shall be in writing and shall be delivered by hand, or transmitted by fax or by e-mail, addressed as follows or as each party may subsequently specify by written notice to the other:

> If to Plaintiff:       Jeffrey L. Light, esq.
> Law Office of Jeffrey Light
> 1712 Eye Street, NW
> Washington, D.C. 20006
> Jeffery.light@yahoo.com
>
> If to Defendants:   Josh Hildreth, esq.
> Office of the Solicitor – Division of General Law
> U.S. Department of the Interior
> Josh.hildreth@sol.doi.gov
>
> with copy to:       Civil Chief
> United States Attorney's Office for the District of
>    Columbia
> 555 Fourth Street, NW
> Washington, D.C. 20530
> Fax: (202) 252-2505

15.   **Execution**. This Stipulation may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and

the same agreement. A facsimile or other duplicate of a signature shall have the same effect as a manually-executed original.

16.     <u>Governing Law</u>. This Stipulation shall be governed by the laws of the District of Columbia, without regard to the choice of law rules utilized in that jurisdiction, and by the laws of the United States.

17.     <u>Binding Effect</u>. Upon execution of this Stipulation by all parties hereto, this Stipulation shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, administrators, successors, and assigns.

Each signatory to this Stipulation represents and warrants that he or she is fully authorized to enter into this Stipulation.

*   *   *

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have executed this Stipulation on the dates shown below.

FOR THE PLAINTIFF:

ANTHONY M. PATTERSON
Plaintiff

JEFFREY L. LIGHT
Law Office of Jeffrey Light
1712 Eye Street, NW
Washington, D.C. 20006
Jeffery.light@yahoo.com

Counsel for Plaintiff

FOR DEFENDANTS:

RONALD C. MACHEN JR., D.C. BAR#447889
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar #924092
Civil Chief

By: 
CARL EZEKIEL ROSS, D.C. Bar #492441
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
Tel: (202) 252-2533
Fax: (202) 252-2505

Attorneys for Defendant